John D. Bennett, S.
Two proceedings are now before this court for decision, the first being an accounting with an application to fix legal fees, and the second a removal proceeding.
The objectants herein examined the accounting party under section 263 of the Surrogate’s Court Act and had the opportunity to question her as to the details of the matters set forth in her account.
Some 30 objections to the account of the administratrix are raised by two of the decedent’s daughters by a prior marriage. A daughter of the second marriage, an infant, is represented herein by a special guardian. The special guardian has joined with the adult daughters in these objections, except that in some instances he has numbered his objections differently. For the purpose of clarity, the court will refer to the objections herein according to the numbers used by the respondent adult daughters in their objections. In substance, the objections of both the adult daughters and the special guardian are the same.
Objections 3,4, 7, 9,14,15,18,19, 20, 21,22, 23, 24, 25, 27, 28 and A have been settled or withdrawn.
Objection 1 relates to the sale by the administratrix of stock in J. Alexander Stein & Sons, Inc., on the ground that she received $5,000 in excess of the amount shown by her as payment for the *400 stock in Schedule A of the intermediate account. Objection 2 is similar to objection 1, except that the stock sold by the administratrix was of Picture Book Toys, Inc. The amount allegedly paid for that stock over the amount included in Schedule A is again $5,000.
The respondents seek to surcharge the administratrix in the amount of $10,000 based on objections 1 and 2. No proof has been offered to show that the amount received by the administratrix from the sale of the stock was less than the amount to which the estate was entitled by reason of the book value as stated in the stockholders ’ agreements of J. Alexander Stein & Sons, Inc., and Picture Book Toys, Inc. Furthermore, there is nothing before this court to rebut the claim of the'administratrix that these two $5,000 payments were made as pensions voted to her as the decedent’s widow by the respective corporations and substantiated by copies of the corporate resolutions under which these funds were paid to her. Objections 1 and 2 are, therefore, dismissed.
Objection 5 requests the court to surcharge the administratrix in the sum of $2,000, due to her failure to include in her account a stamp collection allegedly owned by the decedent at the time of his death. The objectants have failed to prove either the existence thereof at the date of death, the ownership or the value of said stamp collection. This objection is therefore dismissed.
Objection 6 alleges the failure of the administratrix to include in the account certain items of jewelry owned by the decedent at the time of his death for a value of $2,000, and demands that she be surcharged in that amount. The administratrix, in her supplemental account, has included three items of personal jewelry appraised at a value of $60. The only evidence offered by the objectants in support of this objection was the testimony of one of the decedent’s daughters that she had seen him three weeks prior to his death, at which time he had certain items of jewelry which she saw. Further, she had observed other items about one year prior to his death. The objectants have failed to prove the existence or the value of jewelry, other than what has been included by the administratrix in her account. Objection 6 is dismissed.
Objections 8 and 11 relate to the sale of an antique business owned by the decedent. The accounting of the administratrix reflects a value for said business of $10,000 in Schedule A. The said antique business was appraised by the appraiser for the New York State Tax Commission, in the proceeding to fix the New York State estate tax, at $10,000. In Schedule B of *401 the account, the administratrix reflects the sale of the business for $3,500, and as a result thereof, charges the account with a loss of $6,500. The testimony of an independent appraiser hired by the administratrix valued the contents of the antique business at $2,990.50. The objectants state in objections 8 and 11 that the business was worth $25,000, object to the valuation of $10,000, and seek to surcharge the administratrix for $21,500. Nowhere in the New York State estate tax return does the basis appear for the valuation of $10,000 placed upon the business by the appraiser. The only proof offered was the testimony of the appraiser hired by the administratrix, that the contents were worth $2,990.50. The objectants have failed to offer sufficient evidence to rebut the position of the administratrix. Accordingly objections 8 and 11 are dismissed.
Objections 10 and D are made to certain sums stated therein as advances made by the administratrix to herself individually, and as guardian of the infant, Susan Yagoda. At the hearing on the objections, the dates and amounts of these advances were conceded as correct by the attorney for the administratrix. The objectants request that interest to December 31, 1960, be charged against the administratrix at the rate of 3%%, being the amount of interest which would be available for distribution had the administratrix not paid herself these advances. It would seem to this court that the equitable procedure would be for each of the persons receiving advances to be charged interest thereon at the rate of 3%%, inasmuch as the administratrix failed to make equal advances to all of the distributees herein. Objections 10 and D are allowed, and the administratrix is surcharged in the sum of $4,169.90 for advances to herself individually, and $1,475.53 to herself as guardian of the infant, Susan Yagoda. Each of the adult daughters of the decedent is also charged with interest at the rate of 3%% from the date of payment of the advances to them to December 31, 1960.
Objection 12 claims a loss to the estate of $750 due to the failure of the administratrix to sell 1,000 shares of Anchor Precision Corporation. Schedule A of the account values this stock at the date of death at $750. Schedule B reflects a loss to the estate of $750. The administratrix has not sold the stock. She had a reasonable time after decedent’s death to dispose of such stock. The earliest date upon which evidence is offered of the value of the stock after the date of death is May 14, 1957, approximately one year after the decedent’s death. The value at that time was $250. This value is the only value before this court upon which the court can base a surcharge. *402 Accordingly, the estate has suffered a loss of $500, and the administratrix is surcharged in the amount of $250, which sums together constitute the value of this stock at the death of the decedent.
Objection 13 relates to Schedule B-l of the account of the administratrix, which states an uncollectible debt of $650. The objectants contend that this debt was not collected due to the failure of the administratrix to prosecute an action pending against the alleged debtor. No proof is offered to substantiate the position of the objectants, or to show that if there was a failure by the administratrix to prosecute it was not justifiable. Accordingly objection 13 is dismissed.
Objection 16 objects to the inclusion in Schedule O of the account of $94.29 reflected as interest paid on the New York State estate tax, and demands that the administratrix be surcharged in that amount. No proof having been offered by the administratrix to indicate whether she had the funds available in the estate to pay the estate taxes, this objection is sustained and the administratrix is surcharged in the sum of $94.29.
Objection 17 is similar to objection 16 in that Schedule C of the account lists as an expense the sum of $1,209.83 paid to the Collector of Internal Revenue. This amount is objected to on the ground that it is unexplained within the account. No proof was offered by the objectants to show whether the item objected to was for taxes, penalties or interest. Objection 17 is, therefore, dismissed.
Objections 26 and O object to a personal claim by the administratrix in Schedule D-2 of the account in the amount of $10,952 allegedly loaned to the decedent by her. The administratrix has failed to furnish proof to substantiate her claim, and accordingly objections 26 and D are sustained and the claim of the administratrix is disallowed.
Objection 29 is to the payment of commissions to the administratrix, on the ground that she administered the estate improperly. No evidence was introduced of such a nature that the court feels would warrant such a finding. Objection 29 is dismissed.
Objection 30 relates to the entire account, on the ground that it is not accurate or in accordance with the decree of the court ordering such account. This objection is dismissed on the ground that it is too broad, and is not specific enough to put the administratrix on notice of the particular issues to be raised.
Objection B made to the supplemental account is dismissed on the ground that there is no proof by the objectants that the *403 sums referred to were not properly incurred in winding up and disposing of the decedent’s business.
During the hearing a number of statements of fact were made by counsel and statements of a former attorney in other proceedings were referred to. Such statements are not evidence and cannot be accepted by the court where they have not been substantiated by evidence or have not been stipulated to by counsel.
Also presently before the court in this estate is the application of the attorney for the estate to have his fee determined by the court. The respondents, being the adult daughters of the decedent and the special guardian on behalf of the infant daughter of the decedent, request the court to limit the amount of the fee to be charged against the estate herein. The court has examined the affidavits of services of the attorney for the estate, and those in opposition thereto, and is aware of the difficulties involved in the handling of this estate. The fee of the attorney for the estate is fixed in the sum of $7,000 for all services rendered to this estate, including the filing of an amended account in conformity with the provisions of this decision and the settlement and implementation of the decree herein, and including disbursements herein to be charged against the estate generally. In addition to this sum of $7,000, the attorney for the administratrix is allowed the sum of $2,000 for his fee for services rendered to the administratrix personally, to be charged against her interest in this estate. The fee of the special guardian herein is fixed in the sum of $1,250 to be charged against the estate generally.
There is also a proceeding before the court at this time for the removal of the administratrix herein. The duties of the administratrix will cease upon the filing of the amended account and decree based on this decision, and her removal may become academic. Therefore, the court withholds its decision in this matter at this time.